# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| King Grant-Davis, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-2676-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Board of Trustees of Charleston County Public Library; County of Charleston, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's objections to United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R & R") (ECF Nos. 63 & 57). The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment. For the following reasons, the Court overrules Plaintiff's objections, adopts the R & R in part, and grants summary judgment.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific

objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court applies those standards recognizing that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that it must liberally construe *pro se* filings to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That, however, does not mean the Court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Most of Plaintiff's objections do not address specific portions of the R & R. Rather, for the most part, Plaintiff has merely rehashed assertions he made in earlier filings. The Court summarily overrules those "objections." *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). The Court addresses Plaintiff's proper objections *seriatim*.

### I. ADA Claim Against the Library Board[1]

Plaintiff claims the Library Board violated Title III of the Americans with Disabilities Act.[2] The Magistrate Judge recommends granting Defendants summary judgment because the record

---

1. Plaintiff has also made a claim against the County for violating Title II of the ADA. The Magistrate Judge recommends granting summary judgment for the County on the claim because Plaintiff has failed to show it directly harmed him and because it is not vicariously liable for the Library Board's conduct. In his objections, Plaintiff appears to concede the Magistrate Judge's analysis is correct; in any event, the Court finds it is. Thus, the Court will grant summary judgment on that claim for the reasons the Magistrate Judge articulated.

2. Plaintiff did not identify in his complaint which title of the ADA he bases his claim upon. In their summary judgment motion, Defendants framed Plaintiff's claim against the Library Board as arising only under Title II of the ADA. Likewise, in his response to Defendants' motion, Plaintiff cited only Title II. The Magistrate Judge, however, found the claim should be viewed as arising under Title III, and she analyzed it only as such. Neither side has objected

2

conclusively shows the Library Board banned Plaintiff because he posed a direct threat—a complete defense to a Title III claim—and not because he is disabled. Plaintiff raises several objections to the Magistrate Judge's analysis. The Court need not address the analysis or the objections. Plaintiff's claim fails on another ground.

Title III forbids the disability-based denial of a person's enjoyment of any "public accommodation." 42 U.S.C. § 12182(a). The term "public accommodation," however, "'expressly does not apply to public entities,' including state and local governments." *Crawford v. Dep't of Corr. Educ.*, No. 3:11CV430-HEH, 2011 WL 5975254, at *4 (E.D. Va. Nov. 29, 2011) (quoting *Bloom v. Bexar Cty.*, 130 F.3d 722, 726 (5th Cir. 1997)), *aff'd*, 472 F. App'x 192 (4th Cir. 2012) (per curiam); *accord Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 165–66 (S.D.N.Y. 2008) (collecting cases), *aff'd*, 338 F. App'x 11 (2d Cir. 2009) (per curiam); *see also Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 839 (D.S.C. 2015) (stating one of the elements of a Title III claim is that "the defendant is a private entity that owns, leases, or operates a place of public accommodation" (citing § 12182(a)–(b))). It is undisputed that the Library Board is a public entity, not a private one. Thus, Plaintiff's claim fails.

## II. § 1983 Claims Against the Library Board

The Magistrate Judge liberally construed Plaintiff's complaint to assert claims against the Library Board, pursuant to 42 U.S.C. § 1983, for violating his constitutional rights to due process, equal protection, and freedom of speech. The Magistrate Judge concluded, however, that no reasonable jury could find that any of those rights were violated.

Plaintiff's objections relating to the § 1983 claims consist of assertions that the Library Board's conduct policy and the state statute authorizing the Board to promulgate that policy are unconstitutionally vague, that the Library Board should have provided him certain documents

---

to her treating the claim that way. Seeing nothing clearly erroneous in that decision, the Court treats the claim that way as well.

3

before his appeal hearing, and that various library employees conspired against him. Those assertions are not direct responses to specific portions of the R & R. Therefore, as mentioned, they are not proper objections. Moreover, the R & R touches on only the last of those assertions. The remaining assertions are theories of liability that cannot be found in, or liberally inferred from, Plaintiff's complaint. The Court will not consider those theories, as doing so would in effect allow Plaintiff to constructively amend his pleading through his briefs and objections. *See Harris v. Reston Hosp. Ctr.*, 523 F. App'x 938, 946 (4th Cir. 2013) (per curiam) ("Because a complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations, constructive amendment of the complaint at summary judgment undermines the complaint's purpose and can thus unfairly prejudice the defendant." (citation and internal quotation marks omitted)); *Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009) ("[A] plaintiff may not raise new claims after discovery has begun without amending his complaint.").

As to the § 1983 theories of liability that Plaintiff has actually alleged, the Court agrees with the Library Board that Plaintiff has failed to come forward with evidence that would allow a reasonable jury to hold the Board liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for any alleged constitutional violations. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (reciting the four ways in which plaintiffs may establish § 1983 liability under *Monell)*. In other words, while the Court sees no clear error in the Magistrate Judge's analysis as to whether Plaintiff has shown a triable issue on any alleged constitutional violation, Plaintiff's § 1983 claims ultimately fail because Plaintiff has not shown a triable issue under *Monell*. The Court will grant Defendants summary judgment on the § 1983 claims.

## III. Admissibility of Certain Materials

Plaintiff asserts that several types of materials in the record are inadmissible: (1) records relating to his prior library ban; (2) records relating to incidents other than the one that occurred on May 13, 2015; (3) Darlene Jackson's May 26, 2015 report to the Library Board; and (4) records relating to his criminal convictions or his registration as a sex offender. (*See* Objs., ECF No. 63, at 7, 12–13.)[3] He asserts the materials are inadmissible under Rules 401, 402, 403, and 404 of the Federal Rules of Evidence. He also appears to contend that because those materials are inadmissible, the Magistrate Judge erred in relying on them in her analysis. *See* Fed. R. Civ. P. 56(c)(2).

As a threshold matter, the Magistrate Judge did not, in fact, rely on all the materials at issue. (*See, e.g.*, R & R, ECF No. 57, at 4 n.2 (stating evidence of incidents that occurred between 2005 and April 13, 2012 was not considered).) In any event, the materials at issue are relevant both to Plaintiff's claims and to Defendants' factual defenses thereto. *See* Fed. R. Evid. 402. Indeed, in his complaint, Plaintiff discusses at length the topics to which those materials relate. He even describes his prior ban as "relevant." (Compl., ECF No. 1, at 3.) Moreover, no countervailing considerations substantially outweigh the considerable probative value these materials possess. *See* Fed. R. Evid. 403. Finally, the Court does not see where Defendants or the Magistrate Judge used the materials to show that on a particular occasion, Plaintiff acted in accordance with a certain characteristic or trait. *See* Fed. R. Evid. 404(a)(1), (b)(1). The objections are thus overruled.

---

3. As a threshold matter, it is not clear whether Plaintiff is arguing those records were inadmissible in his appeal to the Library Board or, instead, is arguing the Magistrate Judge erred in citing those records because they are inadmissible in this action. Because the latter would be a proper objection to the R & R, the Court addresses Plaintiff's arguments.

## IV. Rule 56(d)

When Plaintiff responded to Defendants' motion for summary judgment, he included an affidavit in which he asserted that library surveillance videos and voicemail records would prove his version, and disprove Defendants' version, of the May 13 incident. Then, citing Federal Rule of Civil Procedure 56(d), he also asserted Defendants deliberately destroyed those materials before discovery began in this case.

In his objections, Plaintiff refers to his affidavit. In so doing, he appears to be arguing the Magistrate Judge erred in failing to recommend that summary judgment be denied under Rule 56(d). The Court disagrees.

Rule 56(d) comes into play when a party opposing summary judgment "shows . . . for specified reasons, it cannot present facts essential to justify its opposition." Typically, litigants invoke Rule 56(d) when they need more time to conduct discovery of specific information relevant to a pending summary judgment motion. It is not clear, however, that Rule 56(d) applies to the scenario Plaintiff posits—that is, where the information the litigant seeks no longer exists and thus no amount of additional time or effort would lead to its discovery. In any event, the videos and voicemails at issue here, even if discovered, would not be material to the Court's above-stated grounds for granting summary judgment. *See* 10B Charles A. Wright et al., *Federal Practice and Procedure* § 2741 (4th ed. 2013) (stating Rule 56(d) requests should be denied when, *inter alia*, "the discovery sought appears irrelevant to the issues to be adjudicated"). Thus, the objection is overruled.

## V. Leave to Substitute Defendants

Finally, Plaintiff asks that, instead of granting summary judgment, the Court grant him leave to amend his complaint so that he can name several individuals as defendants. Under the Court's scheduling order, motions for leave to amend the pleadings were due October 7, 2016.

(*See* ECF No. 36.)  Plaintiff's conclusory request comes nine months after that deadline expired, and with no explanation of why that deadline should now be modified.  *See* Fed. R. Civ. P. 16(b)(4) (stating judge may modify scheduling order deadlines "only for good cause"); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) (stating party who seeks to amend pleading after expiration of scheduling order's deadline for doing so must satisfy Rule 16(b)(4)).  The Court sees no reason Plaintiff could not have moved to amend his complaint before the deadline.  His request, therefore, is denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED**, that the R & R is **ADOPTED** insofar as it is relevant to the Court's analysis above, and that Defendants' motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 24, 2017**
**Charleston, South Carolina**